**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

TRUSTEES OF THE B.A.C. LOCAL 4
PENSION FUND *et al.*,

      Plaintiffs,

      v.

MMC MASONRY GROUP LLC,

      Defendant.

No. 25cv12040 (EP) (JBC)

**OPINION**

**PADIN, District Judge.**

Plaintiffs Trustees of the B.A.C. Local 4 Pension Fund ("Local 4 Pension Fund"), Trustees of the New Jersey B.A.C. Annuity Fund ("Annuity Fund"), Trustees of the New Jersey B.A.C. Health Fund ("Health Fund"), Trustees of the New Jersey BM&P Apprentice and Education Fund ("Apprentice Fund") (collectively, the "Local Funds"), and Trustees of the Bricklayers & Trowel Trades International Pension Fund ("IPF") (together with the Local Funds, the "Funds" or "Plaintiffs") allege that Defendant MMC Masonry Group, LLC ("MMC") failed to make contributions to a group of employee benefit funds as required by the parties' Collective Bargaining Agreement (the "CBA"). D.E. 1 ("Complaint" or "Compl."). Plaintiffs bring claims under Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1145, and Section 301 of the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. § 185, seeking required contributions, liquidated damages, fees due under the CBA, and attorney's fees.

Defendant was served in July 2025 and has failed to appear. D.E. 5; s*ee* Dkt. Plaintiffs now move for default judgment under Federal Rule of Civil Procedure 55(b)(2). D.E. 7 ("Motion"

or "Mot.").[1]  The Court decides the Motion without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the reasons below, the Court will **GRANT** the Motion.

## I.      BACKGROUND[2]

Plaintiffs are the employer and employee trustees of labor-management funds organized and operated under a trust agreement and various collective bargaining agreements. Compl. ¶¶ 4–9.  MMC, a masonry company, is incorporated in New Jersey with its principal place of business also in New Jersey.  *Id.* ¶ 9.  In April 2024, MMC entered into the CBA with the B.A.C. Administrative District Council of New Jersey ("Union").  Compl. ¶ 10; D.E. 8, Declaration of Ken Crandall ("Crandall Decl.") ¶ 5.  The CBA establishes the terms and conditions of employment for certain MMC employees, known as the "Covered Work."  Compl. ¶ 10; Crandall Decl. ¶ 6, Ex. A, Art. XI, Sec. 1.

The CBA requires MMC to remit contributions, at specified hourly rates, to the Funds for each hour of Covered Work MMC's employees performed.  Compl. ¶ 11.  MMC must also withhold dues check-offs from its employees' pay and forward such amounts to the Union.  *Id.* ¶ 12.  In other words, MMC is required to automatically deduct Union membership dues from employees' paychecks and remit them directly to the Union.  The Funds serve as a collection agent for unpaid dues check-offs.  *Id.*   The CBA binds MMC to policies and regulations adopted by the Funds' trustees.  Crandall Decl. ¶ 7, Ex. A, Art. X, (C)–(D).

---

[1] Plaintiffs sent Defendant a copy of the Motion and the Notice of Motion, D.E. 8, via mail and e-mail in September 2025.  D.E. 11.

[2] "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation modified).

Under the CBA, when an employer is delinquent in submitting contributions, the employer is liable for:

> the payment of delinquent Contributions with interest on such delinquent Contributions at the rate of ten percent (10%) per annum (calculated from the day following the Due Date and compounded annually) for the Funds, and fifteen percent (15%) per annum (calculated from the day following the Due Date and compounded annually) for the International Pension Fund. Employers shall also be liable for liquidated damages of twenty percent (20%) of the amount of delinquent Contributions owing and all attorneys' fees and costs.

Compl. ¶ 13; Crandall Decl. ¶¶ 7, 9 & Ex. C, Art. II, at ¶ 6.

From February 3 through March 14, 2025, MMC's employees performed Covered Work on two projects—the "Union County Vo Project" and the "Haworth School Project" (collectively, the "Projects"). *Id.* ¶ 14. MMC failed to make the required contributions to the Funds in connection with its employees' Covered Work. *Id.* ¶ 15.

Specifically, MMC failed to pay $6,631.68 in benefit contributions and failed to remit $857.10 in dues check-offs for Covered Work performed on the Union County Vo Project from February 3, 2025 through February 19, 2025. *Id.* ¶ 16. MMC also failed to pay $3,768 in benefit contributions and failed to remit $487 in dues check-offs for Covered Work performed on the Haworth School Project from February 17, 2025 through March 14, 2025. *Id.* ¶ 17.

Plaintiffs timely served MMC on July 1, 2025. D.E. 5. MMC has not appeared, filed an answer, or otherwise responded to the Complaint. *See* Dkt. Plaintiffs requested an entry of default on August 12, 2025, which the Clerk of Court entered the next day. D.E. 6. Plaintiffs then moved for default judgment on September 11, 2025. *See* Mot. Plaintiffs filed declarations by Ken Crandall, Administrator of the Local Funds, D.E. 8, and Allison Herstic, a lawyer at Virginia & Ambinder, LLP, D.E. 9, Declaration of Allison Herstic ("Herstic Decl."). Plaintiffs seek judgment for the required contributions, dues check-offs, pre-judgment interest, liquidated damages,

attorney's fees, costs, and daily interest on the contributions from September 14, 2025, through judgment.  Compl. at 8; Mot. at 14–15.

## II.      LEGAL STANDARD

A district court may enter default judgment against a properly served party who has failed to plead or otherwise defend an action filed against it.  *See* Fed. R. Civ. P. 55(b)(2).  Although the judiciary's "preference [is] that cases be disposed of on the merits wherever practicable," the "entry of a default judgment is left primarily to the discretion of the district court."  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984) (citation omitted).  The court accepts the well-pleaded factual allegations in the complaint not related to damages and must decide if the "unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Maersk Line v. TJM Int'l Ltd. Liab. Co.*, 427 F. Supp. 3d 528, 533 (D.N.J. 2019) (citation omitted).  A plaintiff must still prove damages.  *Comdyne I, Inc.*, 908 F.2d at 1149.

Before granting default judgment, the court must determine whether (1) it has subject matter jurisdiction over the claims at issue and personal jurisdiction over the defendant, (2) the defendant was properly served, (3) the complaint states a sufficient cause of action, and (4) the plaintiff has proven damages.  *Days Inns Worldwide, Inc. v. HH Pramukh, LLC*, No. 15-4318, 2016 WL 7231598, at *1 (D.N.J. Dec. 14, 2016) (citations omitted).

After those determinations, the court must consider "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Trs. of Int'l Union of Painters v. Leo Constructing, LLC*, 718 F. Supp. 3d 436, 441 (D.N.J. 2024) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)) (herein, the "Chamberlain Factors").

4

### III.     DISCUSSION

#### A.      Prerequisites for Default Judgment

The Court has federal question jurisdiction over this action pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. § 185. 28 U.S.C. § 1331.[3]

The Court also has personal jurisdiction over MMC.  For actions brought under ERISA, MMC need only have significant contacts with the United States as a whole for a district court to exercise personal jurisdiction.  *See Trs. of Int'l Union of Painters*, 718 F. Supp. 3d at 441–43 (collecting cases explaining that ERISA is judged on defendant's contact with the United States as a whole).  The Court here has personal jurisdiction over MMC because it conducts business in the United States—MMC is incorporated in New Jersey and has a principal place of business in Hawthorne, New Jersey.  *See* Compl. ¶ 9; D.E. 5.

As to service, Congress authorized nationwide service of process for ERISA actions.  29 U.S.C. § 1132(e)(2).  Plaintiffs suing under ERISA can serve a defendant "in any other district where [the] defendant resides or may be found."  *Id.*  Plaintiffs served MMC by leaving a copy of the summons and complaint with Anna Cirino, a managing member of MMC, on July 1, 2025. D.E. 5.  Plaintiffs' service was proper.  *See* Fed. R. Civ. P. 4(h) (allowing service on a limited liability company "by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by law to receive service of process").

---

[3] Because Plaintiffs have sufficiently pleaded ERISA claims, the Court need not analyze Plaintiffs' LMRA claims. *See Trs. of B.A.C. Loc. 4 Pension Fund v. M&N Constr. Servs., Inc.*, 2024 WL 5165329, at *3 (D.N.J. Dec. 19, 2024) (foregoing LMRA analysis in default judgment consideration when ERISA action is sufficiently pleaded); *Int'l Union of Painters v. Mazzco Enters., Inc.,* 2015 WL 7760172, at *3–5 (D.N.J. Dec. 1, 2015) (same).

**B.      Legitimate Causes of Action**

Accepting Plaintiffs' factual allegations as true, Plaintiffs have pleaded viable ERISA claims against MMC.  Plaintiffs assert that Defendant violated Section 515 of ERISA by failing to make required CBA contributions and failing to pay dues check-offs.  ERISA "requires employers obligated to make contributions under the terms of a CBA to 'make such contributions in accordance with the terms and conditions of such . . . agreement.'"  *Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Eagle Indus. Painting, LLC*, 2022 WL 5169532, at *3 (D.N.J. Oct. 4, 2022) (quoting 29 U.S.C. § 1145).  Plan participants, beneficiaries, and fiduciaries can bring civil enforcement actions against the employer for failing to contribute to employee benefit plans as required by the CBA.  29 U.S.C. § 1132(a).  In any action pursuant to Section 515 of ERISA "in which a judgment in favor of the plan is awarded," courts are required to award the plan (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorney's fees and costs; and (5) other legal or equitable relief the court finds appropriate.  *Id.* § 1132(g)(2).

Plaintiffs have sufficiently pleaded that Defendant entered into a CBA obligating it to contribute to the Funds, failed to remit contributions for Covered Work between February 3, 2025, and March 14, 2025, and failed to pay dues check-offs during the same period.  Compl. ¶¶ 10–12, 15–18.  Plaintiffs submitted the CBA, collection policies, and the signature page showing MMC approved the CBA.  Crandall Decl. ¶¶ 5, 8 & Exs. A, B, C.  Accepting as true Plaintiffs' well-pleaded allegations, MMC is bound by the CBA, covering May 1, 2022, through April 30, 2027.  *See id.*  Accordingly, the Court finds that MMC was obligated to make contributions under the

CBA for the Projects. Plaintiffs have stated a cause of action under ERISA for delinquent contributions under the parties' CBA.

### C. *Chamberlain* Factors

The Court finds entering default judgment against MMC appropriate. As noted above, the Court considers (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct. *Chamberlain*, 210 F.3d at 164.

Plaintiffs here would suffer prejudice without default judgment because they would be unable to vindicate their contractual and statutory rights. *See Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (finding that plaintiff would be prejudiced without default judgment because there would be "no other means of seeking damages for the harm alleged"). And Defendant's delinquent contributions harm the Funds by decreasing their ability to pay beneficiaries. *See Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. J.B.J. Mgmt. LLC*, 2021 WL 1660862, at *3 (D.N.J. Apr. 27, 2021) (finding that "plaintiffs have been harmed by not receiving payment").

Further, MMC has not presented a litigable defense. MMC has never answered or responded to the Complaint; thus, the Clerk of Court's default entry was proper. *See* Dkt. MMC's failure to appear or respond has both prevented Plaintiffs from prosecuting this case and left the record silent regarding any potentially asserted defense. *M&N Constr. Servs., Inc.*, 2024 WL 5165329, at *3 (finding that failure to answer shows defendant's culpability in its default). Accordingly, the Court "cannot consider any defenses." *J.B.J. Mgmt. LLC*, 2021 WL 1660862, at *3 ("Defendant has not presented a meritorious defense because it has not filed an answer or

otherwise defended itself, which weighs in favor of granting Plaintiffs' motion for default judgment.").

And because MMC has failed to appear in over seven months since being served, the Court finds it culpable in the default.  *See Trs. of Int'l Union of Painters*, 718 F. Supp. 3d at 444 (finding defendant culpable in the default and collecting cases doing the same).

### D.    Damages

Having found Plaintiffs are entitled to default judgment, the Court turns to damages. Plaintiffs seek an award including, at least:

- $10,399.68 in delinquent contributions (Crandall Decl. ¶¶ 11–13 & Exs. D, E);

- $1,344.10 in dues check-offs (*id.*);

- $528.54 in interest through September 14, 2025 (Crandall Decl. ¶¶ 17–18 & Ex. F);

- $2,079.94 in liquidated damages (*id.*); [4] and

- $3.00 in daily interest on the contributions from September 14, 2025, calculated through the date of this order (Compl. at 8).

Plaintiffs also seek to recover attorney's fees and costs.  Compl. at 8.  Plaintiffs have incurred $3,546 in attorneys' fees and $480 in costs, totaling $4,026.  Mot. at 14–15.  ERISA requires courts to award reasonable attorney's fees and costs in civil enforcement actions against an employer for unpaid contributions.  29 U.S.C. § 1132(g)(2)(D).  Courts perform a lodestar calculation in assessing attorney's fees to "determine the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate."  *United Auto. Workers Local 259 Soc. Sec. Dept. v. Metro Auto Ctr.*, 501 F.3d 283, 290 (3d Cir. 2007).  Accordingly, Plaintiffs here must

---

[4] Because the claimed liquidated damages are greater than the interest, ERISA allows an award of liquidated damages in addition to interest.  29 U.S.C. § 1132(g)(2)(C).

provide "fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." *Id.* at 291 (citation modified).

The Court has reviewed the materials provided by Plaintiffs in support of the Motion and finds attorney's fees to be reasonable. Plaintiffs had one partner, one associate, and four legal assistants working on this case, billing $390 per hour, $290 per hour, and $130 per hour, respectively. Herstic Decl. ¶¶ 10–12. Courts have found those hourly rates to be reasonable. *See, e.g.*, *Trs. of Int'l Union of Painters*, 718 F. Supp. 3d at 445 (finding Virginia & Ambinder, LLP's rates reasonable); *Finkel v. J&H Elec. Contracting, Inc.*, 2023 WL 4763366, at *3–4 (E.D.N.Y. July 26, 2023) (same).

Plaintiffs' itemized statement detailing work performed reflects that attorneys and assistants spent 14 hours on this case. *See* D.E. 9-3. The Court finds the hours spent and the hourly rate reasonable given the services provided and the nature of the case. *See Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, 2012 WL 3018062, at *5 (finding attorney's fees of $2,887.50 for 10.5 hours of work at a rate of $275.00 per hour in a similar ERISA suit reasonable); *Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Cape Sign Serv., Inc.*, 2021 WL 5564238, at *4 (finding attorney's fees and costs totaling $4,545.60 for work by an attorney and two paralegals, respectively billing $175 per hour and $70 per hour in a similar ERISA suit, reasonable).

IV.    **CONCLUSION**

For these reasons, the Court will **GRANT** Plaintiffs' Motion and award (1) contributions to the funds in the principal amount of $10,399.68, (2) interest thereupon through September 14, 2025, in the amount of $528.54, (3) dues check-offs in the amount of $1,344.10, (4) liquidated

9

damages in the amount of $2,079.94, (5) attorneys' fees and costs in the amount of $4,026, and (6)

daily interest of $3.00 from September 14, 2025, through the date of judgment on May 12, 2026,

totaling $720.  An appropriate Order will be entered accompanying this opinion.


Dated: May 12, 2026


_____
Evelyn Padin, U.S.D.J.